```
BENJAMIN B. WAGNER
United States Attorney
MARK J. MCKEON
STANLEY A. BOONE
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559)497-4000
Facsimile: (559)497-4099

Attorneys for the
     United States of America
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:10-CR-00347-LJO |
| Plaintiff, | PRELIMINARY ORDER OF FORFEITURE |
| v. | |
| DAVID BOYD SPIVEY, | |
| Defendant. | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant David Boyd Spivey it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. §§ 982(a)(2), 982(a)(6), 1028(b)(5) and 28 U.S.C. § 2461, defendant David Boyd Spivey's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

   1. 2005 Chrysler 300, VIN: 2C3JA43RX5H690835,
   2. $15,500.00 in U.S. Currency,
   3. Several plastic sleeves bearing a State of California Department of Motor Vehicles (DMV) logo similar to those found on California driver's licenses,
   4. A cell phone located in the open hotel safe, along with $800.00, and a computer disk,
   5. $4,300.00 found in the hotel safe,

6. Eleven (11) California Driver's licenses with PRINCE's picture but different names and birth dates,
7. A Canon inkjet printer,
8. A HP printer,
9. A HP DeskJet (3 in 1) printer,
10. Blank check stock,
11. A Canon digital camera,
12. A file folder containing personal identifying information (PII) including Social Security Numbers and Driver's License Numbers that do not belong to PRINCE,
13. A RCA digital camera,
14. A notebook filled with names, PII, and bank account numbers,
15. A black bag containing check stock, scissors, a paper cutter, cell phone, plastic sleeves, and miscellaneous office supplies,
16. A leather bag containing: photo paper, a box of blank check stock, markers, additional check stock, plastic sheeting, and two (2) RS laminating machines,
17. A bag of trash containing: torn pieces of checks, and a piece of clear plastic bearing a State of California DMV logo,
18. A box of torn pieces of documents, receipts, and checks,
19. Twenty-three (23) California driver's licenses with PRINCE's and other's pictures but different names and birth dates,
20. A legal size envelope containing check stubs issued to a Jeff Mason, three (3) California driver's licenses with co-defendant CONWAY's photo but different names and birth dates,
21. Twelve (12) payroll checks in names other than those of the defendants,
22. Four (4) business checks, paid to the order of names other than the defendants,
23. Nine (9) insurance documents with PII, not belonging to the defendants,
24. A total of $8,323.00 in cash (total includes the money taken from the safe),
25. The following electronic equipment:
    a. 3 Samsung Metro PCS cell phones S/N: A000001765A36A, S/N:A00000177A06BA, S/N:A000001765A351;
    b. LG net 10 cell phone, S/N:811CQJZ642524;
    c. 1 Motorola Metro PCS cell phone, S/N:M68Y1LB3X8;
    d. 1 Acer Aspire One laptop computer, S/N:LUS040B162843157122;
    e. 1 IBM Thinkpad laptop computer, S/N:L3-CL153 08/05;
    f. 1 ACER Aspire 6930 laptop computer,

```
                    S/N:LXASR0X1068502261025;
          g.   1 ACER Aspire 5515 laptop computer,
               S/N:LXAZP0Y001903012E216;
          h.   1 Maxtor one touch mini 4 external hard
               drive in black case with USB cord,
               S/N:2HAS3G3M;
          i.   1 Nextar Q404 GPS system with SD 2 GB
               card, S/N:ML0811963829;
          j.   1 Toshiba 60 GB external hard drive,
               S/N:E310490;
          k.   2 Scan Disk Cruzer 16b GB thumb drive,
               S/N:BL0901NSLB and S/N:BL0902NRCB;
          l.   2 Scan Disk Cruzer Micro 2 GB thumb
               drive, S/N:BE0806NKIB and
               S/N:BE0904NRCN;
          m.   1 Scan Disk Cruzer 8GB thumb drive,
               S/N:B10904NVPB;
          n.   1 Scan Disk Cruzer 4GB thumb drive
               Titanium +, S/N:BH0811JSMB;
          o.   Lexar 2 GB thumb drive, 33089-2GBA-
               4108;
          p.   1 Kingston Data Traveler 4GB thumb
               drive;
          q.   1 16GB thumb drive, red in color;
          r.   47 Misc CD/DVD;
          s.   1 Canon Powershot S410 digital camera;
          t.   1 RCA EZ209 HD digital camera; and
          u.   1 Kodak Easyshare V1003 digital camera.
```

2.   The above-listed assets constitute property, real or personal, involved in a violation of 18 U.S.C. § 1028(a)(5) and 2(a), as well as property derived from proceeds traceable to violations of 18 U.S.C. § 1343 and 2(a).

3.   Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the United States Secret Service, in its secure custody and control.

4.   a.   Pursuant to 18 U.S.C. § 1028(g), 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(n), 28 U.S.C. § 2461(c) and Local Rule 171, the United States shall publish notice of the order of forfeiture.  Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such

manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov.  The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

      b.   This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

    5.   If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 982(a)(2), 982(a)(6), 1028(b)(5), and 28 U.S.C. § 2461.

IT IS SO ORDERED.

**Dated:   July 28, 2011**          /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE